Dear Mayor Baker:
This office is in receipt of your request for an opinion of the Attorney General in regard to police department activity with respect to traffic citations in Slaughter. You indicate the Chief of Police, with the approval of the Board of Aldermen, has hired a part-time clerk and would like to handle all traffic citation record retention, all collections of citation payments to later be turned over to the town clerk, and all preparation of the court dockets for the Mayor's Court. You state you would like an opinion regarding the legality of this procedure.
Except when a magistrate is appointed upon the request of the mayor and approval of the board of aldermen, the mayor presides over the Mayor's Court, R.S. 33:441. It is further provided in R.S. 33:442 as follows:
 The mayor shall keep a regular docket, on which he shall enter the causes arising under the ordinances and to be tried by him. He shall keep a perfect record of all cases tried. He may hold his court at any time. The marshal shall attend the court and serve its process and act as its executive officer.
Based upon these statutory provisions this office had concluded that once a violation enters the court processes the matter is entirely under the supervision and control of the Mayor, and it was found this would include the right to nolle pros certain cases. However, it was further concluded that "in view of the position of the marshal as executive officer of the court, the Mayor could delegate the nolle pros authority to the marshal if he so desires." Atty. Gen. Op. No. 77-1697.
Following this reasoning, we would conclude the Chief of Police can prepare the court's docket for Mayor's Court, handle all traffic citation record retention, and collect citation payments to be turned over to the town clerk in accordance with R.S.33:422, if the mayor delegates his authority to do these things to the Chief of Police inasmuch as the Chief of Police is designated as executive officer of the court and is required to attend the court. However, without the Mayor's agreement these functions cannot be performed by the Chief of Police since under R.S. 33:442 this is a matter within the Mayor's authority.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: October 27, 1997
Date Released: